IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02081-RPM

DEAN MITCHELL,

    Plaintiff,
v.

DENVER PUBLIC SCHOOLS; and
VOCATIONAL TEACHERS' FEDERATION OF DENVER, LOCAL 203,

    Defendants.

_____

ORDER OF DISMISSAL
_____

On February 24, 2011, the plaintiff submitted a First Amended Complaint which this Court ordered filed on February 25, 2011. In that pleading, the plaintiff claims that his employment as a vocational teacher at the Emily Griffith Opportunity School was terminated in retaliation for his exercise of a First Amendment freedom of speech; that he was denied a hearing contrary to his procedural due process rights under the United States Constitution and that the defendant Vocational Teachers' Federation of Denver, Local 203, violated 29 U.S.C. § 185 by failing to fairly represent him in a grievance. The union filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), because of the exemption under 29 U.S.C. § 152(2). The plaintiff has confessed that motion.

The defendant Denver Public Schools moved to dismiss under Fed.R.Civ.P. 12(b)(6) on March 11, 2011, asserting that the plaintiff's amended complaint fails to set forth factual support for a claim of protected speech under *Garcetti v. Ceballos,* 547 U.S. at 410 (2006) and that the plaintiff had no property interest in continued

employment in that his contract was for one year and his suspension was with pay and benefits.  There is no factual allegation raising a plausible argument that there was a reasonable expectation of renewal or re-employment.

On April 4, 2011, the plaintiff filed his opposition to the motion to dismiss.  He argues that *Garcetti* is not applicable to this case because it arises in an academic context and the plaintiff as a teacher is entitled to academic freedom.  That argument might be sustainable if the plaintiff were complaining of a restriction on the freedom of academic expression.  On the contrary, the complaint is that he complained within the Denver Public Schools that conditions at the school presented safety violations endangering the students, faculty and public.  It is a report that he had a duty to make and there is nothing alleged that his speech was as a matter of concern of a citizen outside the scope of his employment responsibility.  Accordingly, *Garcetti* precludes the claim made.

For these reasons, the plaintiff's First Amended Complaint fails to state a claim for relief within the jurisdiction of this court.

On April 14, 2011, the plaintiff filed a Motion to File Second Amended Complaint, seeking to add state law claims against both defendants.  Because the federal claims are being dismissed, there is no supplemental jurisdiction in this court to consider the proposed state law claims.  Upon the foregoing, it is

ORDERED that the First Amended Complaint is dismissed and it is

FURTHER ORDERED that the plaintiff's Motion to File Second Amended Complaint is denied and it is

FURTHER ORDERED that the Clerk shall enter judgment of dismissal of this civil action.

DATED: April 15th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge